FILED

2019 MAR 15 PM 12: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

United States Courts
Southern District of Texas
FILED

April 08, 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2019 Grand Jury      **4:19MJ601**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 18-529(A)-MWF |
| Plaintiff, | |
| v. | F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T |
| HUBBARD BELL JR., IV,<br>  aka "Hubbard Bell,"<br>  aka "Hubb,"<br>FEMI FELIX-UKWU,<br>ARNOLD NICHOLS II,<br>  aka "A,"<br>KAMILLE JEMISON,<br>  aka "Camille Jemison,"<br>MONIQUE FERGUSON, and<br>ALPHONSO LLOYD,<br><br>Defendants. | [18 U.S.C. § 1349: Conspiracy to<br>Commit Wire Fraud; 18 U.S.C.<br>§ 1028(f): Conspiracy to Possess,<br>Use, and Transfer a Means of<br>Identification; 18 U.S.C.<br>§ 1028(a)(7): Unlawful Possession,<br>Use, and Transfer of Means of<br>Identification; 18 U.S.C.<br>§ 1028A(a)(1): Aggravated Identity<br>Theft] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A.   INTRODUCTORY ALLEGATIONS

Unless otherwise stated, at all times relevant to this First Superseding Indictment:

Defendants

1.   Defendant HUBBARD BELL JR., IV, also known as ("aka")

"Hubbard Bell," aka "Hubb" ("defendant BELL"), was a resident of Houston, Texas.  From on or about June 25, 2015 to on or about October 12, 2015, defendant BELL was an employee of Mesa Airlines ("Mesa").  In connection with his employment, defendant BELL was provided a unique employee identification number.

2.    Defendant FEMI FELIX-UKWU ("defendant FELIX-UKWU) was a resident of Houston, Texas.

3.    Defendant ARNOLD NICHOLS II, aka "A" ("defendant NICHOLS"), was a resident of Houston, Texas.

4.    Defendant KAMILLE JEMISON, aka "Camille Jemison" ("defendant JEMISON"), was a resident of Houston, Texas.

5.    Defendant MONIQUE FERGUSON ("defendant FERGUSON") was a resident of Houston, Texas.

6.    Defendant ALPHONSO LLOYD ("defendant LLOYD") was a resident of Houston, Texas.

7.    Co-conspirator D.H. was a resident of Los Angeles, California.

Referenced Airports

8.    Los Angeles International Airport ("LAX") was an airport located in Los Angeles, California, in Los Angeles County, within the Central District of California.

9.    Houston International Airport ("IAH") was an airport located in Houston, Texas.

10.   Atlanta International Airport ("ATL") was an airport located in Atlanta, Georgia.

11.   Newark International Airport ("EWH") was an airport located in Newark, New Jersey.

12.   LaGuardia International Airport ("LGA") was an airport located in Queens, New York.

13.   Minneapolis-St. Paul International Airport ("MSP") was an airport located in Minneapolis, Minnesota.

14.   Las Vegas International Airport ("LAS") was an airport located in Las Vegas, Nevada.

15.   Baltimore International Airport ("BWI") was an airport located in Baltimore, Maryland.

16.   Augusto Sandino International Airport ("MGA") was an airport located in Managua, Nicaragua.

17.   Ft. Lauderdale International Airport ("FLL") was an airport located in Ft. Lauderdale, Florida.

18.   Las Americas International Airport ("SDQ") was an airport located in the Dominican Republic.

19.   San Jose International Airport ("SJO") was an airport located in San Jose, California.

Non-Revenue Travel

20.   A non-revenue ticket was a ticket for a seat on a flight that an airline provided to a passenger at no cost to the passenger and for no revenue to the airline.  Mesa provided access to non-revenue tickets as a benefit to its employees.  Mesa employees and their designated beneficiaries were permitted to use this benefit only while employed by Mesa.  The benefit was not transferrable.

21.   Mesa maintained reciprocal agreements with other airlines, including Spirit Airlines ("Spirit"), which permitted Mesa employees to travel on the other airlines' flights on a non-revenue basis.

22.   To book a non-revenue ticket for a Spirit flight, a Mesa employee used a web portal maintained by Spirit (the "Spirit Web

3

Portal"). The Spirit Web Portal required that personal identifying information of the Mesa employee, including the employee's unique Mesa identification number and the employee's date of hire, as well as a unique verification code, be entered to book a non-revenue ticket.

23. When a Mesa employee flew on a non-revenue ticket, the employee would fly on stand-by status. Mesa employees were frequently required to show their Mesa employee identification card at the airport to secure their non-revenue seat. The Mesa employee identification card showed, among other things, a photograph of the employee, the employee's unique Mesa identification number, and the employee's date of hire.

B.   OBJECT OF THE CONSPIRACY

24. Beginning on a date unknown but at least as early as February 2016, and continuing until a date unknown but at least as late as in or about November 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, together with co-conspirator D.H. and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

C.   THE MANNER AND MEANS OF THE CONSPIRACY

25. The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

(a) Defendant BELL, and others known and unknown to the Grand Jury, would obtain without authorization lists of current Mesa employees, which included, among other things, the names, dates of hire, and Mesa employee identification numbers for the employees

4

1  ("Mesa employee lists").

2       (b)   Others known and unknown to the Grand Jury would

3  obtain without authorization the unique verification code needed to

4  book non-revenue tickets on the Spirit Web Portal.

5       (c)   Defendants BELL, NICHOLS, and JEMISON, co-conspirator

6  D.H., and others known and unknown to the Grand Jury, would sell or

7  otherwise provide to others who were not entitled to travel on non-

8  revenue tickets (the "fraudulent travelers"), the dates of hire and

9  Mesa employee identification numbers of the Mesa employees included

10 on the Mesa employee lists, as well as the verification code.   Using

11 this information, the fraudulent travelers would book non-revenue

12 tickets for Spirit flights through the Spirit Web Portal.

13      (d)   Defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, and

14 FERGUSON, co-conspirator D.H., and others known and unknown to the

15 Grand Jury, would make reservations on the Spirit Web Portal on

16 behalf of themselves and other fraudulent travelers for non-revenue

17 tickets for Spirit flights using Mesa identification numbers, dates

18 of hire, and a verification code.   After his termination from Mesa,

19 defendant BELL would continue to fraudulently use his employee

20 identification number and date of hire to book non-revenue tickets

21 for himself on Spirit flights.

22      (e)   Defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, and

23 FERGUSON, and others known and unknown to the Grand Jury, would

24 manufacture fraudulent Mesa employee identification cards for use by

25 the fraudulent travelers to board flights.   These identification

26 cards would purport to identify the fraudulent traveler as a Mesa

27 employee and contain the employee identification number and date of

28 hire of a true Mesa employee.

(f)   The fraudulent travelers, including but not limited to defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, and co-conspirator D.H., would fly on Spirit flights using the non-revenue tickets booked through the Spirit Web Portal.

(g)   As was reasonably foreseeable to defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, co-conspirator D.H., and their co-conspirators, interstate wires were routinely used to communicate flight and other information from and to defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, co-conspirator D.H., and their co-conspirators, and also from and to defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, co-conspirator D.H., and their co-conspirators, and Mesa and Spirit.

D.   OVERT ACTS

26.   On or about the following dates, in furtherance of the conspiracy, and to accomplish its object, defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, co-conspirator D.H., and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

Overt Act No. 1:   On or about March 10, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from FLL to MGA.

Overt Act No. 2:   On or about March 10, 2016, defendant BELL fraudulently booked a non-revenue ticket for a flight from IAH to MGA for O.A.

Overt Act No. 3:   On or about April 28, 2016, defendant FERGUSON used a fraudulently obtained non-revenue ticket to fly from IAH to SJO.

1    Overt Act No. 4:    On or about May 1, 2016, defendant FERGUSON
2  used a fraudulently obtained non-revenue ticket to fly from SJO to
3  IAH.

4    Overt Act No. 5:    On or about May 4, 2016, defendant BELL used
5  a fraudulently obtained non-revenue ticket to fly from IAH to LAX.

6    Overt Act No. 6:    On or about May 4, 2016, defendant BELL used
7  a fraudulently obtained non-revenue ticket to fly from LAX to MSP.

8    Overt Act No. 7:    On or before May 19, 2016, defendant BELL
9  fraudulently booked a non-revenue ticket for a flight for A.F.

10    Overt Act No. 8:    On or about May 28, 2016, defendant NICHOLS
11  used a fraudulently obtained non-revenue ticket to fly from LAX to
12  IAH.

13    Overt Act No. 9:    On or about June 2, 2016, a co-conspirator
14  emailed defendant BELL employee lists containing employee information
15  for Mesa employees based in Dallas, Texas, and Houston, Texas.

16    Overt Act No. 10:    On or about June 13, 2016, defendant FELIX-
17  UKWU used a fraudulently obtained non-revenue ticket to fly from IAH
18  to LAX.

19    Overt Act No. 11:    On or about June 14, 2016, defendant FELIX-
20  UKWU used a fraudulently obtained non-revenue ticket to fly from LAX
21  to IAH.

22    Overt Act No. 12:    On or about August 28, 2016, defendant BELL
23  used a fraudulently obtained non-revenue ticket to fly from LAX to
24  IAH.

25    Overt Act No. 13:    On or about September 19, 2016, defendant
26  BELL used a fraudulently obtained non-revenue ticket to fly from IAH
27  to LAX.

28

1      Overt Act No. 14:   On or about October 1, 2016, defendant BELL

2   used a fraudulently obtained non-revenue ticket to fly from LAX to

3   IAH.

4      Overt Act No. 15:   On or about October 10, 2016, defendant BELL

5   used a fraudulently obtained non-revenue ticket to fly from LAX to

6   IAH.

7      Overt Act No. 16:   On or about October 15, 2016, defendant BELL

8   used a fraudulently obtained non-revenue ticket to fly from LAX to

9   IAH.

10     Overt Act No. 17:   On or about November 10, 2016, defendant

11  BELL used a fraudulently obtained non-revenue ticket to fly from LAX

12  to IAH.

13     Overt Act No. 18:   On or before November 21, 2016, co-

14  conspirator D.H. fraudulently booked non-revenue tickets for flights

15  for A.R. from IAH to LAX and LAX to IAH.

16     Overt Act No. 19:   On or about November 26, 2016, co-

17  conspirator D.H. used a fraudulently obtained non-revenue ticket to

18  fly from LAX to ATL.

19     Overt Act No. 20:   On or about November 28, 2016, co-

20  conspirator D.H. used a fraudulently obtained non-revenue ticket to

21  fly from ATL to LAX.

22     Overt Act No. 21:   On or about December 8, 2016, co-conspirator

23  D.H. used a fraudulently obtained non-revenue ticket to fly from LAX

24  to LGA.

25     Overt Act No. 22:   On or before December 8, 2016, co-

26  conspirator D.H. fraudulently booked a non-revenue ticket for a

27  flight from BWI to LAX for E.M.

28     Overt Act No. 23:   On or about December 18, 2016, co-

1  conspirator D.H. used a fraudulently obtained non-revenue ticket to

2  fly from LAX to ATL.

3      Overt Act No. 24:   On or about December 20, 2016, defendant

4  BELL used a fraudulently obtained non-revenue ticket to fly from LAX

5  to IAH.

6      Overt Act No. 25:   On or about December 26, 2016, defendant

7  NICHOLS used a fraudulently obtained non-revenue ticket to fly from

8  IAH to LAX.

9      Overt Act No. 26:   On or about January 21, 2017, defendant

10 JEMISON used a fraudulently obtained non-revenue ticket to fly from

11 IAH to EWR.

12     Overt Act No. 27:   On or about January 25, 2017, defendant

13 JEMISON used a fraudulently obtained non-revenue ticket to fly from

14 EWR to IAH.

15     Overt Act No. 28:   On or about February 6, 2017, defendant BELL

16 emailed a co-conspirator a copy of defendant BELL's expired Mesa

17 employee identification card.

18     Overt Act No. 29:   On or about February 10, 2017, defendant

19 JEMISON used a fraudulently obtained non-revenue ticket to fly from

20 IAH to LAX.

21     Overt Act No. 30:   On or about February 11, 2017, defendant

22 FELIX-UKWU used a fraudulently obtained non-revenue ticket to fly

23 from FLL to SDQ.

24     Overt Act No. 31:   On or about February 13, 2017, defendant

25 FELIX-UKWU used a fraudulently obtained non-revenue ticket to fly

26 from SDQ to FLL.

27     Overt Act No. 32:   On or about February 21, 2017, defendant

28 BELL emailed FELIX-UKWU an image of defendant BELL's Mesa

9

1  identification card with defendant BELL's personal information
2  redacted.

3      Overt Act No. 33:   On or about February 22, 2017, defendant
4  FELIX-UKWU placed an order with Kool Krew for Mesa crew luggage tags
5  containing the employee identification number and date of hire of a
6  Mesa employee.

7      Overt Act No. 34:   On or about February 24, 2017, defendant
8  BELL used the internet to purchase a plastic identification card
9  printer.

10     Overt Act No. 35:   On or about February 28, 2017, defendant
11 FERGUSON emailed defendant BELL a blank Mesa employee identification
12 card template.

13     Overt Act No. 36:   On or about February 28, 2017, defendant
14 FERGUSON emailed defendant FELIX-UKWU images of five Mesa
15 identification cards for defendants FERGUSON and FELIX-UKWU, and
16 three co-conspirators.

17     Overt Act No. 37:   On or about March 1, 2017, defendant FELIX-
18 UKWU used the internet to purchase plastic identification card stock.

19     Overt Act No. 38:   On or about March 1, 2017, defendant
20 FERGUSON emailed defendant FELIX-UKWU an image of a Mesa
21 identification card for a co-conspirator.

22     Overt Act No. 39:   On or about March 13, 2017, defendant FELIX-
23 UKWU used the internet to purchase a plastic identification card
24 printer.

25     Overt Act No. 40:   On or about March 13, 2017, a co-conspirator
26 emailed defendant BELL a blank Mesa employee identification card
27 template.

28     Overt Act No. 41:   On or about March 14, 2017, defendant BELL

emailed defendant NICHOLS a blank Mesa employee identification card template.

Overt Act No. 42:   On or about March 14, 2017, defendant NICHOLS forwarded to defendant JEMISON the blank Mesa employee identification card template sent to him by defendant BELL.

Overt Act No. 43:   On or about March 14, 2017, defendant FELIX-UKWU emailed defendant FERGUSON an image of defendant BELL's Mesa identification card with defendant BELL's personal information redacted.

Overt Act No. 44:   On or about March 15, 2017, defendant JEMISON emailed herself a photo of a Mesa employee identification card.

Overt Act No. 45:   On or about March 16, 2017, defendant JEMISON emailed defendant NICHOLS a Mesa employee identification card containing the photograph of a co-conspirator.

Overt Act No. 46:   On or about March 16, 2017, defendant JEMISON emailed defendant NICHOLS Mesa employee identification card templates and photographs of other co-conspirators.

Overt Act No. 47:   On or about March 16, 2017, at approximately 5:51 p.m., defendant JEMISON emailed defendant BELL a Mesa employee identification card template.

Overt Act No. 48:   On or about March 16, 2017, at approximately 6:48 p.m., defendant JEMISON emailed defendant BELL a Mesa employee identification card template containing a photograph of a co-conspirator.

Overt Act No. 49:   On or about April 3, 2017, defendant BELL used the internet to purchase plastic identification card stock.

1    Overt Act No. 50:    On or about April 29, 2017, defendant LLOYD
2    used a fraudulently obtained non-revenue ticket to fly from IAH to
3    FLL.

4    Overt Act No. 51:    On or about May 1, 2017, defendant LLOYD
5    used a fraudulently obtained non-revenue ticket to fly from FLL to
6    IAH.

7    Overt Act No. 52:    On or about May 5, 2017, defendant LLOYD
8    used a fraudulently obtained non-revenue ticket to fly from IAH to
9    LAX.

10   Overt Act No. 53:    On or about May 6, 2017, defendant LLOYD
11   possessed, and attempted to use, a fraudulent Mesa employee
12   identification card in order to board a Spirit flight using a
13   fraudulently obtained non-revenue ticket from LAX to IAH.

14   Overt Act No. 54:    On or about May 17, 2017, defendant BELL
15   possessed an index card containing the names, dates of hire, and
16   employee numbers of Mesa employees.

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. § 1028(f)]

27.  The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 23, 25, and 26 of this First Superseding Indictment as though fully set forth herein.

A.   OBJECT OF THE CONSPIRACY

28.  Beginning on a date unknown but at least as early as February 2016, and continuing until a date unknown but at least as late as in or about November 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(1)(D).

B.   THE MANNER AND MEANS OF THE CONSPIRACY

29.  The means by which the object of the conspiracy was to be accomplished are set forth in paragraph 25 of the First Superseding Indictment and are incorporated by reference as if fully set forth herein.

C.   OVERT ACTS

30.  In furtherance of the conspiracy and to accomplish its object, defendants BELL, FELIX-UKWU, NICHOLS, JEMISON, FERGUSON, and LLOYD, together with others known and unknown to the Grand Jury,

13

committed and willfully caused others to commit, within the Central District of California and elsewhere, Overt Acts 1 through 54 of Count One of this First Superseding Indictment, which are hereby repeated, re-alleged, and incorporated by reference as if fully set forth herein.

COUNT THREE

[18 U.S.C. § 1028(a)(7)]

31.   The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 23, 25, and 26 of this First Superseding Indictment as though fully set forth herein.

32.   On or about May 28, 2016, in Los Angeles County, within the Central District of California, and elsewhere defendant NICHOLS knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee B.E., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. § 1028(a)(7)]

33.   The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 23, 25, and 26 of this First Superseding Indictment as though fully set forth herein.

34.   On or about June 14, 2016, in Los Angeles County, within the Central District of California, and elsewhere defendant FELIX-UKWU knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee L.M., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT FIVE

[18 U.S.C. § 1028(a)(7)]

35.   The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 23, 25, and 26 of this First Superseding Indictment as though fully set forth herein.

36.   On or about February 10, 2017, in Los Angeles County, within the Central District of California, and elsewhere defendant JEMISON knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee B.E., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT SIX

[18 U.S.C. § 1028(a)(7)]

37.   The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 23, 25 and 26 of this First Superseding Indictment as though fully set forth herein.

38.   On or about May 6, 2017, in Los Angeles County, within the Central District of California, and elsewhere defendant LLOYD knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee L.C., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT SEVEN

[18 U.S.C. § 1028A(a)(1)]

39.   On or about May 28, 2016, in Los Angeles County, within the Central District of California, defendant ARNOLD NICHOLS, also known as "A" ("NICHOLS"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant NICHOLS knew belonged to another person, that is, the employee number and date of hire of Mesa Airlines employee B.E., during and in relation to the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this First Superseding Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT EIGHT

[18 U.S.C. § 1028A(a)(1)]

40.   On or about June 14, 2016, in Los Angeles County, within the Central District of California, defendant FEMI FELIX-UKWU ("FELIX-UKWU"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant FELIX-UKWU knew belonged to another person, that is, the employee number and date of hire of Mesa Airlines employee L.M., during and in relation to the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this First Superseding Indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT NINE

[18 U.S.C. § 1028A(a)(1)]

41.    On or about February 10, 2017, in Los Angeles County, within the Central District of California, defendant KAMILLE JEMISON, also known as "Camille Jemison" ("JEMISON"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant JEMISON knew belonged to another person, that is, the employee number and date of hire of Mesa Airlines employee B.E., during and in relation to the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this First Superseding Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TEN

[18 U.S.C. § 1028A(a)(1)]

42.   On or about May 6, 2017, in Los Angeles County, within the Central District of California, defendant ALPHONSO LLOYD ("LLOYD"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant LLOYD knew belonged to another person,

//

//

1   that is, the employee number and date of hire of Mesa Airlines

2   employee L.C., during and in relation to the offense of Conspiracy to

3   Commit Wire Fraud, in violation of Title 18, United States Code,

4   Section 1349, as charged in Count One of this First Superseding

5   Indictment.

6

7                                        A TRUE BILL

8

9                                        /s/

10                                       Foreperson

11

12

13   NICOLA T. HANNA
     United States Attorney
14

15

16   LAWRENCE S. MIDDLETON
     Assistant United States Attorney
17   Chief, Criminal Division

18   JUSTIN RHOADES
     Assistant United States Attorney
19   Chief, Violent & Organized Crime
     Section
20

21   RANEE A. KATZENSTEIN
     Assistant United States Attorney
     Chief, Major Frauds Section
22

23   MONICA E. TAIT
     Assistant United States Attorney
     Deputy Chief, Major Frauds
24   Section

25   JOSEPH D. AXELRAD
     Assistant United States Attorney
26   Violent & Organized Crime Section

27   POONAM G. KUMAR
     Assistant United States Attorney
28   Major Frauds Section

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER | **4:19MJ601** |
|---|---|---|---|
| | v. | | **CR18-529(A)-MWF** |
| | Plaintiff(s) | | 5 |
| | | | |
| MONIQUE FERGUSON | | **WARRANT FOR ARREST** | |
| | Defendant(s) | **UNDER SEAL** | |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **MONIQUE FERGUSON**

and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐ Complaint ☒ Indictment ☐ Information ☐ Order of Court ☐ Probation Violation Petition ☐ Violation Notice Charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud;**
**18 U.S.C. § 1028(f): Conspiracy to Possess, Use, and Transfer a Means of Identification**

**in violation of the following Title, United States Code, Section(s)**
**SEE ABOVE**

| Kiry K. Gray | | March 15, 2019 | LOS ANGELES, CALIFORNIA |
|---|---|---|---|
| NAME OF ISSUING OFFICER | | DATE AND LOCATION OF ISSUANCE | |
| Clerk of Court | | | |
| TITLE OF ISSUING OFFICER | | | |
| ANDRES PEDRO | | BY _____ STEVE KIM | |
| | | NAME OF JUDICIAL OFFICER | |

## RETURN

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION)

| DATE RECEIVED | NAME OF ARRESTING OFFICER |
|---|---|
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

## WARRANT FOR ARREST

PAGE 1 OF 2